UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO    WESTERN DIVISION

NESTOR ALVAREZ, individually and on behalf of K.A., a child with a disability,

                      *Plaintiffs,*

    -against-

                                                              Case No. 3:18-cv-01768

SWANTON LOCAL SCHOOL DISTRICT,

                      *Defendants.*

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

                                              CUDDY LAW FIRM, P.L.L.C.
                                              *Attorneys for Plaintiffs*
                                              6100 Oak Tree Blvd, Suite 200
                                              Independence, Ohio 44131
                                              (315) 370-4020
                                              acuddy@cuddylawfirm.com

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . .  i
PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . .  1
ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . .  1
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . .  3

PRELIMINARY STATEMENT

This is an appeal of the decision of a state-level review officer (SLRO) decision that upheld the decision of an impartial hearing officer (IHO) following an administrative hearing conducted pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* On February 1, 2019, plaintiff parent brought this motion for summary judgment reversing the decision of the SLRO. In March 1, 2019, defendant school district filed a memorandum in opposition. On March 20, 2019, plaintiff submitted a memorandum in reply to the district's submission. On March 21, 2019, defendant moved to strike the reply memorandum on the basis that the police report referenced therein was admitted into evidence by the hearing officer for a limited purpose, namely "as evidence of Mr. Alvarez' concern, but not for the truth of what was contained therein." IHO Op. at 6. Plaintiff now submits this memorandum in opposition to the motion to strike.

ARGUMENT

Defendant claims that the police report was not admitted to establish the truth of the matter stated "is also not evidence that the court may consider under Fed. R. Civ. P. 56." Doc. 15 at 2. Rather, it is "evidence of Mr. Alvarez' concern, but not for the truth of what was contained therein." *Id.* As the state-level review officer's decision turns on the reasonableness of Mr. Alvarez's actions, namely his refusal to return his daughter to a school where he believed she was sexually abused by another student, it is highly relevant to the Court's review of that decision.

Notably, the police report not only includes interviews with K.A. and the male student, who admitted to engaging in sexual activities with K.A. during school, including in the classroom, but also includes denials by school staff that the sexual incidents could have happened. PX 3 at numbered page 2. Detective Chittenden documents classroom teacher Kalli Hintz claiming that "the allegations could not have happened[]" as "someone would have seen those actions occurring." *Id.*

1

    Whether or not the admissions by K.A. and by the male student are true, or whether Ms. Hintz's denials are true, the contents of the report are clearly highly relevant to Mr. Alvarez's concerns about the program. Here, we have credible admissions by the alleged perpetrator, to a police detective, that he engaged in the complained-about activity, with the school district's teacher in complete denial.

    In addition, the parent's concern would have been heightened upon learning that the male student had additional sexual "plans" above and beyond the sex play he engaged in with K.A. during school and field trips. Certainly any parent with a daughter with an IQ of 58 would fear her becoming pregnant at the age of seventeen. This, coupled with what appeared to be, at best, limited supervision of the students in class and on field trips, with a teacher denying that the incidents could possibly have happened, would exacerbated the parent's apprehension of the program. Thus, irrespective of whether the police report was admitted for the truth of its contents or not, it is highly relevant to the question of whether the parent's concerns were reasonable.

## CONCLUSION

Based on the foregoing, the Court should deny the motion to strike, reverse the decision of the SLRO, award compensatory education, and grant such further relief as the Court deems just and proper.

Dated: Independence, Ohio
March 22, 2019

                                             Respectfully submitted,

                                             /s/ Andrew K. Cuddy

                                             CUDDY LAW FIRM, P.L.L.C.
                                             *Attorneys for Plaintiffs*
                                             6100 Oak Tree Blvd, Suite 200
                                             Independence, Ohio 44131
                                             (315) 370-4020

Andrew K. Cuddy, Esq.
Jason H. Sterne, Esq.
*Of counsel*