I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Nestor Alvarez,

      Plaintiff,                                Case No.: 3:18-cv-1768

      v.                                        **ORDER**

Swanton Local School District,

      Defendant


      In this case the father of a learning-disabled daughter appeals the decision of a State Level Review Officer (SLRO), in which the SLRO rejected the father's challenge to his daughter's Individual Education Plan (IEP) with the defendant Swanton Local School District (District). The parties have filed counter-motions for summary judgment.

      Before turning to the merits of those motions, I need to decide the District's motion to strike (Doc. 15), which seeks to exclude the father's reply brief as based entirely on inadmissible hearsay. (Doc. 14). For the reasons that follow, I grant the motion as provided herein.

      The District's challenge relates to a Swanton Township police report, which investigators prepared after receiving a report that another disabled student had sexually assaulted the plaintiff's daughter. The defendant claims the report is *in toto* hearsay and not admissible for the truth of the matter asserted.

1

That was the view of the SLRO, who admitted the report at the administrative hearing as evidence of the father's belief – and his resulting concerns for the daughter's safety – that the fellow student had sexually assaulted his daughter. The SLRO did not otherwise admit the report for the truth of anything else – including the nature, extent, and frequency of any alleged sexual interaction or assaultive conduct by the fellow student against the daughter.

The Sixth Circuit has made explicit the parties' assumption, implicit in their short memoranda: namely, that, unlike most cases involving review of an administrative record, I can entertain new evidence. *See, e.g.*, *Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 849 (6th Cir. 2004).

Thus, I turn to the question of the admissibility of the police report in whole or part.

It is, to be sure, to some extent hearsay. But that begs, but does not answer, the question.

Rule 803(8) of the Federal Rules of Evidence, commonly known as the public records exception, allows evidence of a "record or statement of a public office if: A) it sets out: (i) the officer's activities; (ii) a matter observed while under a legal duty to report . . .; or (iii) . . . factual findings from a legally authorized investigation[.]"

When offered to the jury in a civil case, police reports stand firmly on the bedrock of Rule 803(8). *E.g.*, *Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir. 1978) ("A police report is . . . a 'public record and report' within the meaning of the first part of Rule 803(8).").

But this does not mean that whatever the officer wrote down comes on in. As the Sixth Circuit noted in *Miller v. Field*, 35 F.3d 1088, 1092 (6th Cir. 1994), statements by victims and others who said something to the officer are "hearsay within hearsay," and should not go before a jury.

But that doesn't shut the door totally tight: if the second-tier hearsay is itself the subject of an exception, it gets on through. Which enables the fellow student's statements about what he did and when and where he did it to come in as admissions against his penal interest under Fed. R. Evid. 804(3)(b). *See, e.g.*, *Tolbert v. United States*, 112 Fed. App'x 440, 444 (6th Cir. 2004) (finding that "[j]uvenile's statement was against penal interest" because it "exposed herself to the possibility of criminal prosecution in . . . juvenile court system[]").

One crack in the door remains: namely, statements attributed to school staff that the sexual incidents could not have happened in the classrooms. Though neither party spotted this issue, I elaborate so as to move the case along a sensible path.

Plaintiff could have argued that those statements are admissible under Rule 801(d)(2)(C) of the Federal Rules of Evidence "as made by a person whom the party authorized to make a statement on the subject." Determining that issue could involve a hearing *in limine*, etc.

But why bother? Instead of trying to bring those statements in *via* that exception to the definition of "hearsay," the father can either ask the defendant to admit those statements and the truth thereof. Better yet, he can depose the teachers and find out exactly what they may have seen and what they did not see or otherwise learn about any incident(s) at school. That way, he has the first-hand statements from persons with observation-based knowledge, finesses the evidentiary issue, and keeps the parties and me from wastefully fussing with whether the teachers were "authorized to make [the] statement[s] on the subject" under the Rule.

**Conclusion**

Though I grant the defendant's motion to strike, I do so without prejudice.

Subject to the views of the parties, it may be sensible to revise the discovery timetable and enable supplemental briefing or re-briefing of their motion/counter-motion for summary

judgment. Alternatively, I can, if both so desire, simply proceed to decision based on the present briefing.

In light of the foregoing, it is hereby

ORDERED THAT: defendant's motion to strike (Doc. 15) be, and the same hereby is granted, without prejudice.

The Clerk shall forthwith set a telephone status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge